# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FAAC, INC., a Michigan corporation,

    Plaintiff,

v.                                    Case No.

DVORAK INSTRUMENTS, INC.,
an Oklahoma corporation, and
VOJTECH DVORAK,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, by and through counsel, Hooper, Hathaway, Price, Beuche & Wallace, and for its Complaint for Declaratory Judgment against Defendants, says as follows:

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201 and 2202, in which Plaintiff FAAC, Inc. ("FAAC") seeks a declaration of non-infringement and invalidity as to United States Patent No. 8,602,784 (the "Patent" or "Defendants' Patent").

## THE PARTIES

2. Plaintiff FAAC is a Michigan corporation with its principal place of business in Ann Arbor, Michigan. FAAC creates and sells simulated law

enforcement and military equipment and scenarios employing handguns, rifles and shotguns for training purposes.

3. On information and belief, Defendant Dvorak Instruments, Inc. ("Dvorak Instruments"), is an Oklahoma corporation, with its principal place of business in Tulsa, Oklahoma and has a registered agent located at 803 N. Douglas St., Jenks, Oklahoma 74037.

4. On information and belief, Defendant Vojtech Dvorak ("Dvorak") is an Oklahoma citizen, residing at 6818 E. 96th Place S., Tulsa, Oklahoma 74133.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, 2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

6. Venue in this Court is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events giving rise to the claims alleged occurred in this judicial district.

7. This Court has personal jurisdiction over Dvorak and Dvorak Instruments because their contacts with the State of Michigan are purposeful, systematic and continuous, including the sale of their products in this district, such as to Plaintiff and to other Michigan purchasers.

## FACTUAL BACKGROUND

8. FAAC designs and sells simulation products and accessories for training police officers and members of the military. Certain of FAAC's products employ virtual scenarios depicting situations with which the trainee may be confronted on the job and to which the trainee will be expected to respond with a firearm.

9. It is beneficial to such training that the firearm used in the simulated scenario function the same in the simulation as it would in real life. Preferably, the weapon used in training should be the trainee's own weapon; the exact gun they would have available if the situation were to arise in the field.

10. Live ammunition is not used in training scenarios, but Plaintiff FAAC has developed and utilizes technology by which a trainee's unloaded firearm may be adapted to simulate the feel, action, balance, firing sensation and recoil of a loaded gun.

11. Defendant Dvorak manufactures and markets a product to simulate the recoil response of a loaded gun in a training weapon.

12. In October 2006, Dvorak offered his device for a sale at a trade show in Boston, Massachusetts which he attended jointly with representatives of Plaintiff FAAC.

13. Throughout 2007, Dvorak continued to market the product generally, and shipped units to FAAC.

14. On December 5, 2008, more than one year after the October 2006 offer for sale, Dvorak filed a provisional patent application for his recoil kit with the United States Patent Office. The Patent claims as its earliest priority date the filing date of the provisional patent application. A copy of Defendant's provisional patent application is attached as Exhibit A.

15. Between the years 2008 and 2011, FAAC purchased Dvorak's recoil kits from Dvorak Instruments.

16. Throughout the period of their commercial relationship, Defendants repeatedly breached the terms of FAAC's purchase orders and failed to deliver products of merchantable quality on a timely basis, causing damage to Plaintiff.

17. In order to mitigate its damages, FAAC entered into a contractual relationship with a third party for the design and manufacture of its own recoil kit ("FAAC's recoil kits") for sale to FAAC's customers.

18. On August 19, 2011, Dvorak applied for a patent for his recoil kit. Verification of Defendant's patent application is attached as Exhibit B.

19. On or about January 17, 2012, Dvorak Instruments sent FAAC a letter alleging that FAAC had copied some of Dvorak's designs without authorization which would infringe on Dvorak's patents. Dvorak demanded that FAAC stop all production and sale of the allegedly copied parts, and that FAAC either (a) recall all copied parts sold to end users or (b) pay Dvorak a 50% royalty on the sale price

of the allegedly copied parts sold to end users. A copy of Dvorak's January 17, 2012 letter is attached as Exhibit C.

20. On or about October 9, 2012, Dvorak Instruments made a second demand, alleging that FAAC was making and selling exact copies of Dvorak's Tetherless Recoil System without Dvorak's authorization. Dvorak enclosed a copy of the Patent Application he filed on December 5, 2008 and put FAAC "on notice of patent infringement." Again, Dvorak demanded that FAAC stop all production and sales of the allegedly copied parts. A copy of Dvorak's October 9, 2012 letter is attached as Exhibit D.

21. On or about December 27, 2012, Dvorak Instruments reiterated its demand to cease all production and sales of the allegedly copied parts and again putting FAAC on notice of patent infringement. A copy of Dvorak's December 27, 2012 letter is attached as Exhibit E.

22. On or about March 5, 2013, FAAC responded, stating that contrary to Dvorak's assertions, the FAAC recoil kit differed from the product described in Dvorak's patent application in several substantial ways and indicating that any patent issued on the application would be invalid on the grounds of obviousness, similar prior art and the on sale bar. Finally, FAAC noted that no patent had issued. A copy of FAAC's response is attached as Exhibit F.

23. United States Patent No. 8,602,784 (the "Patent") was issued to Dvorak Instruments on December 10, 2013. The Patent is attached as Exhibit G.

24. The Patent describes an invention materially different from FAAC's recoil kits.

25. The product that Dvorak began offering for sale more than a year prior to December 5, 2008, the date of Defendants' first provisional patent application, renders invalid the claims of the Patent.

26. The Patent claims an apparatus that is obvious and not innovative.

## COUNT I – NONINFRINGEMENT

27. FAAC realleges and incorporates by reference the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. An actual and justicable controversy within the meaning of 28 U.S.C. § 2201 exists among FAAC and Defendants regarding whether the Patent has been infringed.

29. FAAC's recoil kit differs materially from the subject matter claimed in Defendants' Patent.

30. FAAC has not infringed and does not infringe any claim of the Patent, either literally or under the doctrine of equivalents, including by making, using, selling, or offering for sale within the United States FAAC's recoil kits. FAAC has not and is not directly infringing any claim of the Patent. FAAC has not and is not inducing or contributing to infringement of any claim of the Patent.

31. Defendants have alleged, and FAAC denies, that FAAC's recoil kits infringe the Patent.

32. Defendants' allegations of patent infringement show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33. Defendants' allegations of patent infringement adversely affect FAAC because, until the Court makes a determination of FAAC's rights, FAAC's right to make, use, sell and/or offer to sell recoil kits will be in doubt.

34. FAAC is entitled to a declaratory judgment that it is not infringing, and has not infringed any claim of the Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT II – INVALIDITY

35. FAAC realleges and incorporates by reference the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. An actual and justicable controversy within the meaning of 28 U.S.C. § 2201 exists among FAAC and Defendants regarding whether or not each claim of the Patent is invalid.

37. On information and belief, Defendants manufactured, sold, and offered for sale their recoil kits in the United States, including to FAAC, more than one year prior to the filing date of the application for the Patent.

38. Each claim of the Patent is invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 102, 103, 112 or other statutory or regulatory requirements under the United States patent laws.

39. FAAC is entitled to a declaratory judgment that the Patent is not valid.

## PRAYER FOR RELIEF

For all of the reasons stated above, FAAC, Inc. respectfully requests that this Honorable Court grant the relief requested herein and enter a judgment against Defendants and grant such other relief as the Court deems just under the circumstances, including but not limited to:

A. Entering a judgment declaring that Plaintiff FAAC, Inc. has not infringed Defendants' Patent;

B. Entering a judgment declaring that Defendants' Patent is invalid; and

C. Awarding Plaintiff its costs, reasonable attorneys' fees, and such other relief as the Court deems just under the circumstances.

                          HOOPER, HATHAWAY, PRICE, BEUCHE & WALLACE

Dated: January 9, 2014      BY:  /s/Bruce T. Wallace
                                  Bruce T. Wallace (P24148)
                                  Attorney for Plaintiff
                                  126 South Main Street
                                  Ann Arbor, MI  48104
                                  (734) 662-4426
                                  bwallace@hooperhathaway.com